USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-23-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AMIDAX TRADING GROUP, on behalf of itself and
all others similarly situated,

                    Plaintiff,                    08 Civ. 5689 (PKC)

          -against-                      MEMORANDUM
                                                    AND ORDER

S.W.I.F.T. SCRL, S.W.I.F.T. PAN-AMERICAS, INC.,
S.W.I.F.T., INC., JOHN SNOW, in his personal
capacity, STUART LEVEY, in his personal and
professional capacities, UNITED STATES
DEPARTMENT OF THE TREASURY, GEORGE W.
BUSH, in his personal capacity, BARACK H.
OBAMA, in his professional capacity, CENTRAL
INTELLIGENCE AGENCY, RICHARD CHENEY, in
his personal capacity, JOSEPH R. BIDEN, JR., in his
professional capacity, GEORGE TENET, in his
personal capacity, MICHAEL HAYDEN, in his
personal capacity, LEON E. PANETTA, in his
professional capacity, HENRY M. PAULSON, JR., in
his personal capacity, and TIMOTHY F. GEITHNER,
in his professional capacity,

                    Defendants.
-----------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

            In a Memorandum and Order dated February 13, 2009, the Court dismissed plaintiff's complaint, pursuant to Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction, holding that plaintiff had failed to establish its standing to bring the action. Amidax Trading Group v. S.W.I.F.T. SCRL, 08 Civ. 5689(PKC), 2009 WL 361949 (S.D.N.Y. Feb. 13, 2009) ("Feb. 13 Order").[1] Plaintiff now moves for reconsideration pursuant to Local Civ. R. 6.3; to alter or amend the judgment pursuant to Rule 59(e), Fed. R. Civ. P.; and for relief from judgment pursuant to Rule 60(b), Fed. R. Civ. P. SWIFT moves for sanctions against plaintiff's

---

[1] Familiarity with the facts described in the Feb. 13 Order is presumed. All capitalized terms and abbreviations have the same meaning here as they had there.

counsel pursuant to 28 U.S.C. § 1927. For the reasons explained below, these motions are denied.

## DISCUSSION

I. Reconsideration

A. Legal Standard

The standards for relief under Local Rule 6.3 and Rule 59(e) are "identical." Griffin Indus., Inc. v. Petrojam, Ltd., 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999). And where, as here, a Rule 60(b) motion is filed within ten days of the entry of judgment, it is treated as a motion to alter or amend the judgment pursuant to Rule 59(e). See United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993); cf. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (Rule 60(b) "allows extraordinary judicial relief" and requires a "showing of exceptional circumstances").

"Local Civil Rule 6.3 elaborates on Fed. R. Civ. P. 59(e) and provides a vehicle for a party to call the court's attention to facts or controlling decisions it believes the court overlooked in reaching its prior decision." Truong v. Charles Schwab & Co., 07 Civ. 8085(SHS), 2009 WL 464452, at *1 (S.D.N.Y. Feb. 24, 2009) (quotation and footnote omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted). While a court may grant a motion for reconsideration "to correct a clear error of law or prevent manifest injustice," Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (quotation omitted), "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided,"

2

Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. See Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 131-32 (2d Cir. 1999).

B. Analysis

Plaintiff's principal argument for reconsideration is that "the Court has apparently overlooked three crucial exhibits to Plaintiffs' complaint" because "a series of administrative and technological problems apparently left the Court without these exhibits." (Pl. 6.3 Mem. at 2.) To the contrary, the Court thoroughly reviewed a complete copy of plaintiff's complaint, including the three exhibits -- E, F, and G -- that plaintiff believes were overlooked. (See Doc. #1 (Complaint with Exhibits A - G attached).) The Court did not refer to these exhibits in the Feb. 13 Order because they were immaterial to a determination of whether plaintiff had standing under Article III of the Constitution. These three exhibits consist of reports or opinions of commissions outside the United States. (See Compl. ex. E (internet article from www.privacyinternational.org translating into English the legal analysis of the Data Protection Commission for the German Lander of Schleswig-Holstein); id. ex. F (opinion of the Swiss Federal Data Protection and Information Commissioner); id. ex. G (opinion of the European Commission Article 29 Data Protection Working Party).) The conclusions reached by these commissions are based mainly on the same kind of media reports that the Court reviewed in the Feb. 13 Order. Most importantly, these exhibits do not provide a concrete basis for plaintiff's speculative allegation that SWIFT turned over to the U.S. government either its entire database or specifically plaintiff's records. (See Compl. ex. E at 2 (referring to "[t]he turn over of all records or parts of SWIFT customer data") (emphasis added); id. at 11 (referring to "a complete

or partial turnover . . . of all information available to SWIFT on transfers orders") (emphasis added); id. ex. G at 15 (referring to "massive data transfers . . . from SWIFT to the [U.S. Treasury Department]").) Thus, plaintiff is not entitled to reconsideration on the basis that the Court overlooked exhibits attached to the complaint.

Plaintiff also contends that "the Commercial Invoice [attached to the certification of Marcello Schor] proves conclusively that [Amidax] has standing to sue." (Pl. Rep. Mem. at 4.) It does not. At most, it provides evidence that plaintiff used the SWIFT network. Nonetheless, the Court assumed for the purposes of the motion to dismiss that plaintiff had adequately alleged that its financial information was contained in the SWIFT database. See Feb. 13 Order at 10. Plaintiff cannot point to anything in Mr. Schor's certification that the Court overlooked, which would establish that plaintiff's financial information was among the data disclosed by SWIFT to the U.S. government. Accordingly, neither Mr. Schor's certification nor the exhibits attached to it provides a basis for reconsideration.

Plaintiff next argues that reconsideration should be granted because the Court engaged in "a fact finding function not appropriate or permitted on a motion to dismiss." (Pl. 6.3 Mem. at 4.) The Court did no such thing. As the Feb. 13 Order makes clear, the Court only reviewed the complaint as a whole to determine whether plaintiff had adequately alleged an injury-in-fact sufficient to establish its standing to sue. See Feb. 13 Order at 12-14. The Court did not find, as a factual matter, that SWIFT did or did not disclose its entire database -- or specifically plaintiff's records -- to the U.S. government. Rather, the Court held that the complaint's allegations of such disclosure were speculative and conjectural, and thus insufficient to establish standing. Id. at 14.

4

Finally, plaintiff argues that reconsideration should be granted because the Court erroneously declined to permit jurisdictional discovery. (Pl. 6.3 Mem. at 5; Pl. 59(e) and 60(b) Mem. at 2.) Plaintiff argues that defendants' contention that plaintiff's "information was not disclosed by SWIFT to the government" is a "defense" supported by facts that "lie within the exclusive control of the defendants." (Pl. 6.3 Mem. at 5.) However, the contention that plaintiff lacks standing is not an affirmative defense. Rather, plaintiff bears the burden of establishing its own standing. See Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005). Plaintiff has pointed to no controlling authority establishing that plaintiff's mere speculation that it might have suffered a constitutional injury entitles it to obtain sensitive discovery from SWIFT or the government.

Plaintiff has failed to identify any facts or controlling decisions overlooked by the Court. Nor has plaintiff shown that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. Thus, plaintiff is not entitled to relief under Local Civil Rule 6.3, Rule 59(e), or Rule 60(b).

II. Sanctions

A sanction under 28 U.S.C. § 1927 is appropriate against "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927; see also Wechsler v. Hunt Health Sys., Ltd., 216 F.Supp.2d 347, 356 (S.D.N.Y. 2002) ("A pleading, motion, or paper violates Rule 11 if it is frivolous, legally unreasonable, or factually without foundation . . . .") (citing Simon DeBartolo Group, L.P. v. The Richard E. Jacobs Group, Inc., 186 F.3d 157, 167 (2d Cir. 1999)). "Section 1927 authorizes the imposition of sanctions only

when there is a finding of conduct constituting or akin to bad faith. . . . [A]n award under [section] 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 180 (2d Cir. 2004) (citations and quotations omitted).

The filing of the complaint by plaintiff's counsel, and the arguments advanced by counsel in opposing defendants' motions to dismiss, were not objectively unreasonable. The Court is unable to conclude that counsel's actions must have been undertaken in bad faith for an improper purpose. Thus, no sanction is warranted.

## CONCLUSION

For the foregoing reasons, plaintiff's motions for reconsideration, to alter or amend the judgment, and for relief from judgment are denied. SWIFT's motion for sanctions is denied.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 22, 2009