UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

AMIDAX TRADING GROUP, on behalf of itself and
all others similarly situated,

                         Plaintiff,              08 Civ. 5689 (PKC)

     -against-

                                         ORDER

S.W.I.F.T. SCRL, S.W.I.F.T. PAN-AMERICAS, INC.,
S.W.I.F.T., INC., JOHN SNOW, in his personal
capacity, STUART LEVEY, in his personal and
professional capacities, UNITED STATES
DEPARTMENT OF THE TREASURY, GEORGE W.
BUSH, in his personal capacity, BARACK H.
OBAMA, in his professional capacity, CENTRAL
INTELLIGENCE AGENCY, RICHARD CHENEY, in
his personal capacity, JOSEPH R. BIDEN, JR., in his
professional capacity, GEORGE TENET, in his
personal capacity, MICHAEL HAYDEN, in his
personal capacity, LEON E. PANETTA, in his
professional capacity, HENRY M. PAULSON, JR., in
his personal capacity, and TIMOTHY F. GEITHNER,
in his professional capacity,

                        Defendants.
-----------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-20-09

P. KEVIN CASTEL, District Judge:

          In a Memorandum and Order dated February 13, 2009, the Court dismissed plaintiff's complaint, pursuant to Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction, holding that plaintiff had failed to establish its standing to bring the action. Amidax Trading Group v. S.W.I.F.T. SCRL, 607 F.Supp.2d 500 (S.D.N.Y. 2009). The Court thereafter denied plaintiff's motion for reconsideration and denied SWIFT's motion for sanctions. Amidax Trading Group v. S.W.I.F.T. SCRL, 08 Civ. 5689(PKC), 2009 WL 1110788 (S.D.N.Y. Apr. 23, 2009).

On June 22, 2009, plaintiff moved, pursuant to Fed. R. App. P. 4(a)(5), for an extension of time to file a notice of appeal. (Doc. #55.) SWIFT filed a memorandum of law opposing this motion and plaintiff filed a reply memorandum in support of it. On July 16, 2009, SWIFT moved to strike plaintiff's reply memorandum. (Doc. #59.) Because plaintiff's motion for an extension of time was filed "no later than 30 days after the time prescribed by . . . Rule 4(a) [for a timely appeal] expire[d]," and because the Court finds that plaintiff has shown "excusable neglect or good cause," this motion is granted. Fed. R. App. P. 4(a)(5)(A)(i) and (ii). In reaching this conclusion, the Court had no need to rely on plaintiff's reply memorandum of law. Accordingly, SWIFT's motion to strike is denied as moot.

The time for plaintiff to file a notice of appeal is hereby extended for a period of 14 days after the date this Order is entered. Fed. R. App. P. 4(a)(5)(C).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 20, 2009