```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____                    │
│ DATE FILED: 3-13-12              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AMIDAX TRADING GROUP, on behalf of itself and
all others similarly situated,

                    Plaintiff,                    08 Civ. 5689 (PKC)

          -against-                               MEMORANDUM
                                                      AND
S.W.I.F.T. SCRL, S.W.I.F.T. PAN-AMERICAS, INC.,   ORDER
S.W.I.F.T., INC., JOHN SNOW, in his personal
capacity, STUART LEVEY, in his personal and
professional capacities, UNITED STATES
DEPARTMENT OF THE TREASURY, GEORGE W.
BUSH, in his personal capacity, BARACK H.
OBAMA, in his professional capacity, CENTRAL
INTELLIGENCE AGENCY, RICHARD CHENEY, in
his personal capacity, JOSEPH R. BIDEN, JR., in his
professional capacity, GEORGE TENET, in his
personal capacity, MICHAEL HAYDEN, in his
personal capacity, LEON E. PANETTA, in his
professional capacity, HENRY M. PAULSON, JR., in
his personal capacity, and TIMOTHY F. GEITHNER,
in his professional capacity,

                    Defendants.
-------------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

          Amidax Trading Group ("Amidax") has filed an "emergency motion" for

preliminary injunction, which would restrain the government from complying with an agreement

with the European Union that requires the destruction of certain data that the government

obtained as part of the Terrorist Finance Tracking Program ("TFTP"). The plaintiff's case was

long-ago dismissed, and the dismissal was affirmed on appeal. Plaintiff's hopes are pinned on its

yet-to-be-filed petition for rehearing with a suggestion of rehearing en banc, or, perhaps, a

petition for a writ of certiorari.

This Court begins with the procedural history of this action.  Amidax commenced this action on June 23, 2008.  After full briefing by the parties, this Court issued a Memorandum and Order on February 13, 2009, which dismissed the action for lack of subject matter jurisdiction because the plaintiff lacked standing.  Amidax Trading Group v. S.W.I.F.T. SCRL, 607 F. Supp. 2d 500 (S.D.N.Y. 2009).  Plaintiff moved for reconsideration, and the motion was denied.  Amidax Trading Group v. S.W.I.F.T. SCRL, 08 Civ. 5689 (PKC), 2009 WL 1110788 (S.D.N.Y. Apr. 23, 2009).  Thereafter, this Court thereafter granted plaintiff's motion for an extension of time to file a notice of appeal.  (Docket # 61.)  On July 31, 2009, plaintiff filed its notice of appeal from the Clerk's Judgment, which had been entered on February 17, 2009. (Docket # 35, 62.)

In the Court of Appeals, plaintiff successfully moved for an extension of time to file its brief.  Amidax Trading Group v. S.W.I.F.T. SCRL, United States Court of Appeals, Second Circuit, No. 09-3293, Order of Oct. 28, 2009.  It also successfully moved for an extension of time to file its reply brief.  Id., Order of Feb. 24, 2010.  In a unanimous per curiam opinion, a panel of the Circuit affirmed the district court's grant of the motion to dismiss. ___F.3d ___, 2011 WL 6317466 (2d Cir. Dec. 19, 2011).  Judgment was entered by the Clerk of the Court of Appeals the same day as the opinion.

On February 6, 2012, plaintiff moved for an extension of time to file its petition for rehearing with a suggestion of rehearing en banc.  The time to petition for rehearing was extended to March 2, 2012.  No. 09-3293, Order of Feb. 8, 2012.  Plaintiff filed and was granted a second extension on its petition for rehearing to April 17, 2012.  Id., Order of March 2, 2012.

The United States, in a filing with the Court of Appeals dated February 17, 2012, informed the plaintiff that a June 28, 2010 agreement between the United States and European

Union obligated the United States to delete by July 20, 2012 data transmitted pursuant to the TFTP, and that in order to comply with the agreement, the Treasury Department would begin deleting data on March 20, 2012.[1]  On February 28, 2012, plaintiff filed motions in both this Court and the Court of Appeals for a preliminary injunction to preserve evidence that may be discoverable in the event that the now-affirmed judgment ultimately were to be vacated and the case revived.

"In order to justify a preliminary injunction, a movant must demonstrate 1) irreparable harm absent injunctive relief; 2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor, and 3) that the public's interest weighs in favor of granting an injunction."  Metro. Taxicab Bd. of Trade v. City of N.Y., 615 F.3d 152, 156 (2d Cir. 2010) (citation and quotation marks omitted).  "When, as here, the preliminary injunction will affect government action taken in the public interest pursuant to a statutory or regulatory scheme, it should be granted only if the moving party meets the more rigorous likelihood-of-success standard."  Red Earth LLC v. United States, 657 F.3d 138, 143 (2d Cir. 2011) (quotation marks omitted).

Plaintiff has not demonstrated that there is a probability of success on its petition for rehearing, its suggestion of rehearing en banc or its petition for a writ of certiorari. The reasoning set forth in the decisions of this Court and the Court of Appeals dispels the claim of a likelihood of success on further review.  Plaintiff has made no showing that these rulings were likely erroneous, and no intervening case law is cited that calls the decisions into doubt.

---

[1] A June 28, 2010 press release concerning the Agreements appears on the European Union website. See http://www.consilium.europa.eu/uedocs/cms_Data/docs/pressdata/EN/foraff/115518.pdf.  The text of the 2010 Agreement is posted on the U.S. Treasury website.  See http://treasury.gov/resource-center/terrorist-illicit-finance/Terrorist-Finance-Tracking/Documents/Final-TFTP-Agreement-Signed.pdf.

As to irreparable harm, because, as discussed by this Court and the Court of Appeals, the plaintiff lacks standing, the plaintiff also has failed to establish irreparable harm. Also, its dismissed complaint only sought money damages for past violations, and an injunction against future violations.  Thus, no injunctive relief sought in the action would affect the data. The loss of a claim for money damages is, itself, compensable by money damages.

There is a public interest implication to plaintiff's application.  A grant of the requested injunction would place the government in jeopardy of violating its agreement with the European Union.  Such a breach may needlessly hamper the ability of the government to persuade the European Union or member states to assist in future terrorist tracking programs and, thereby, enhance the risk of harm to the public.

Finally, while plaintiff's diligence as measured from the government's February 17, 2012 filing is unquestioned,[2] it has not been diligent either in the district court or the court of appeals in bringing this case promptly to a final non-reviewable order.  It sought extensions of time to file a notice of appeal, its opening brief on appeal, its reply brief on appeal and, twice, its petition for rehearing.  This Court assumes that in each instance there were good reasons for doing so and that the government did not oppose any such application.  That said, it does not demonstrate a resolute commitment on the part of the plaintiff to bring this case to a "speedy" conclusion. Rule 1, Fed. R. Civ. P.  Further delay, with an injunction in place, would exacerbate the public interest concerns outlined above.

Motion denied.

---

[2] Plaintiff makes no claim that the existence of the Agreement with the European Union could not have been learned with the exercise of reasonable diligence.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 13, 2012